IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPECIALITY PROCESS EQUIPMENT CORPORATION, SPEC INTERNATIONAL FZC AND WANDA DOLORES FAJARDO, | § § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. _____ |
| HYCARBEX-AMERICAN ENERGY, INC. d/b/a HYCARBEX, INC., HYCARBEX ASIA PTE. LTD., ENERGY PROCESSING SERVICES (PRIVATE) LIMITED, MUNHAS PETROLEUM (PRIVATE) LIMITED, DR. ZAHID IFTIKHAR, MUHAMMAD MUNEEB ZAHID, NAJEEB UR REHMAN AND SAEED UR REHMAN, | § § § § § § § § § § § § § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW, Plaintiffs SPECIALTY PROCESS EQUIPMENT CORPORATION, SPEC INTERNATIONAL FZC and WANDA DOLORES FAJARDO and file this, their Original Petition complaining of HYCARBEX-AMERICAN ENERGY, INC. d/b/a HYCARBEX, INC., HYCARBEX ASIA PTE. LTD., ENERGY PROCESSING SERVICES (PRIVATE) LIMITED, MUNHAS PETROLEUM (PRIVATE) LIMITED, DR. ZAHID IFTIKHAR, MUHAMMAD MUNEEB ZAHID, NAJEEB UR REHMAN and SAEED UR REHMAN, and for cause of action respectfully show the Court as follows:

## A. PARTIES

1. Plaintiff Specialty Process Equipment Corporation (hereinafter "SPEC") is a corporation organized under the laws of the State of Texas, located at 6400 Hawes Rd, Houston, Texas 77396.

2. Plaintiff SPEC International FZC (hereinafter "SPEC-UAE") is a company organized under the laws of the United Arab Emirates and located at 4 N-08 Block N Hamriyah Free Zone Sharjah UAE

3. Plaintiff Wanda Dolores Fajardo is an individual residing in the State of Texas.

4. Defendant Hycarbex-American Energy, Inc. d/b/a Hycarbex, Inc. (hereinafter "Hycarbex-American") is a company organized under the laws of Nevis West Indies (previously organized in the State of Texas), with its primary business office at #3, Street 32, F-8/1, Islamabad, Pakistan.

5. Defendant Hycarbex Asia Pte. Ltd. (hereinafter "Hycarbex Asia") is a company organized under the laws of Singapore), with its primary business office at 5 Shenton Way, #14-04106 UIC Bldg, Singapore 068808.

6. Defendant Energy Processing Services (Private) Limited (hereinafter "EPS") is a corporation organized under the laws of the Islamic Republic of Pakistan (previously organized in the State of Texas), with its registered business office at 701-D City Tower, Main Boulevard, Gulberg 2, Lahore, Pakistan.

7. Defendant Munhas Petroleum (Private) Limited (hereinafter "Munhas Petroleum") is a corporation organized under the laws of the Islamic Republic of Pakistan, with its registered business office at M-3 Motorwar Mini Service Area, Sayyanwala Nalka Kohala, Sargodha Road, Faisalabad, Pakistan.

8. Defendant Dr. Zahid Iftikhar is an individual residing at House #4, Main Double Road FH/2, Islamabad, Pakistan.

9. Defendant Muhammad Muneeb Zahid is an individual residing at House #4, Main Double Road FH/2, Islamabad, Pakistan.

10. Defendant Najeeb Ur Rehman is an individual residing at House B VII Street # 7 Shareefrura Kafiza Islamabad, Pakistan.

11. Defendant Saeed Ur Rehman is an individual residing at House B VII Street # 7 Shareefrura Kafiza Islamabad, Pakistan.

## B. JURISDICTION & VENUE

12. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(2) because this action is between citizens of a State and a citizen of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Venue is proper pursuant to 28 U.S.C. §1391(a) because all defendants reside either in the Southern District of Texas or are residents of a foreign nation and because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District.

14. Upon information and belief, Defendants are subject to the personal jurisdiction of this Court under Chapter 17 of the Texas Civil Practice & Remedies Code.

## C. FACTS

15. Upon information and belief, Defendant Dr. Zahid Iftikhar is a primary shareholder, officer and/or director of Hycarbex Asia.

16. Upon information and belief, Hycarbex-American. is a subsidiary of Hycarbex Asia.

17. Upon information and belief, Hycarbex-American owns a majority interest in the Haseeb Gas Field, in the Yasin 2768-7 Block petroleum concession (the "Haseeb Gas Field"), located in Pakistan.

18. Upon information and belief, Defendant Dr. Zahid Iftikhar is a primary shareholder, officer, and/or director of Munhas Petroleum.

19. Upon information and belief, Defendants Najeeb Ur Rehman and Saeed Ur Rehman are the brothers of Dr. Zahid Iftikhar.

20. Upon information and belief, Defendant Muhammad Muneeb Zahid is the son of Defendant Dr. Zahid Iftikhar and is the primary beneficiary of the Settlement Agreement described below in Paragraph 26 of this Complaint.

21. Plaintiff Wanda Dolores Fajardo is the spouse of Zafar Ikram Sheikh, principal of SPEC.

22. Between 2008 and 2009, Defendant Dr. Zahid Iftikhar and Plaintiff Wanda Dolores Fajardo formed EPS as a joint venture for the purpose of processing gas extracted from the Haseeb Gas Field located in Pakistan and operated by Defendant American-Hycarbex.

23. On April 2, 2009, Plaintiffs SPEC and SPEC-UAE entered into a contract with Defendant EPS (the "Gas Facilities Contract") wherein SPEC and SPEC-UAE agreed to build gas processing facilities on the Haseeb Gas Field in exchange for consideration in the amount of $8,958,284.00 U.S. Dollars.

24. Upon information and belief, Plaintiffs SPEC and SPEC-UAE satisfactorily performed all obligations under the Gas Facilities Contract.

25. Defendant EPS has failed to pay approximately $3,500,000.00 of the $8,958,284.00 owed to SPEC and SPEC-UAE under the terms of the Gas Facilities Contract.

26. On May 31, 2011, the parties, attempting to resolve their issues, entered into an agreement (the "Settlement Agreement") wherein Plaintiff Wanda Dolores Fajardo agreed to transfer her 48% interest in EPS to Najeeb Ur Rehman and Saeed Ur Rehman in exchange for 272,000,000 Pakistani Rupees (approximated as $3,200,000.00 in the terms of the Settlement Agreement), to be paid in checks drawn on a bank account belonging to Munhas Petroleum.

27. Under the terms of the Settlement Agreement payment was guaranteed by Defendants Dr. Zahid Iftikhar, Najeeb Ur Rehman and Saeed Ur Rehman. Dr. Zahid Iftikhar signed the Settlement Agreement for and on behalf of Hycarbex-American.

28. On June 10, 2011, ten days after the Settlement Agreement was signed, Defendant Dr. Zahid Iftikhar resigned as a director of Hycarbex-American.

29. Wanda Fajardo signed two Transfer Deeds transferring her interest in EPS to Muhammed Muneeb Zahid (transferee's father listed as Iftikhar Ahmed Zahid).

30. Three post-dated checks were issued to Plaintiff Wanda Fajardo in accordance with the Settlement Agreement, post-dated January 1, 2012, January 9, 2012 and June 1, 2012.

31. The January 1, 2012 a check was executed on an account belonging to Munhas Petroleum at NIB Bank Limited (Pakistan) in the amount of 86,000,000 Pakistani Rupees (approximately $950,274.20), payable to Wanda Fajardo. The January 9, 2012 check was executed on the same account belonging to Munhas Petroleum in the amount of 172,000,000 Pakistani Rupees(approximately $ 1,900,548.40), also payable to Wanda Fajardo.

32. Both the January 1, 2012 and January 9, 2012 checks were returned unpaid. The returned checks were accompanied by memos from NIB Bank Limited indicating that the checks had been returned for insufficient funds and that payment had been stopped by drawer.

33. The June 1, 2012 check was executed on the same account belonging to Munhas Petroleum in the amount of 172,000,000 Pakistani Rupees(approximately $ 1,900,548.40), also payable to Wanda Fajardo. Because the date on this check has not passed this check has not yet been presented for payment. However, Plaintiff Wanda Fajardo reasonably believes that the account on which this check is drawn contains insufficient funds and that payment had been stopped by drawer.

### D. COUNT I – BREACH OF CONTRACT: GAS FACILITIES CONTRACT

34. Plaintiffs incorporate by reference the facts and allegations in paragraphs 15-33 of this Original Petition as though fully set forth herein.

35. Plaintiffs SPEC and SPEC-UAE entered into a contract with Defendant EPS for the building of gas processing facilities.

36. Plaintiffs SPEC and SPEC-UAE has performed all of its material obligations in accordance with the contract.

37. Defendant EPS has failed to tender payment to SPEC and SPEC-UAE in accordance with the terms of the contract.

38. All conditions precedent have been met on the part of Plaintiffs, or have been excused, Plaintiffs are entitled to recover all consequential, incidental and special damages proximately caused by Defendant EPS's breach.

39. Plaintiffs are entitled to recover attorney's fees pursuant to Section 38.001 of the Texas Civil Practices & Remedies Code for the prosecution of this case through trial and on appeal. Plaintiffs are further entitled to interest at the legal rate.

### E. COUNT II – QUANTUM MERUIT: GAS FACILITIES CONTRACT

40. Plaintiffs incorporate by reference the facts and allegations in paragraphs 15-39 of this Original Petition as though fully set forth herein.

41. During the construction of gas processing facilities, Plaintiffs SPEC and SPEC-UAE provided valuable services and materials. Such services and materials were provided for the Defendants and Defendants benefitted from Plaintiffs' actions. Defendants accepted the services and materials from Plaintiffs SPEC and SPEC-UAE and, upon information and belief, are still in possession and/or control of the gas processing facilities.

42. Because there was a contract between SPEC/SPEC-UAE and EPS, Defendants had reasonable notice that Plaintiffs SPEC and SPEC-UAE expected compensation for these service and materials.

43. Therefore, under Texas law Plaintiffs may recover the reasonable value of the services and materials provided. Plaintiffs are further entitled to recover attorney's fees pursuant to Section 38.001 of the Texas Civil Practices & Remedies Code for the prosecution of this case through trial and on appeal. Plaintiffs are further entitled to interest at the legal rate.

### F. COUNT IV – BREACH OF CONTRACT: SETTLEMENT AGREEMENT

44. Plaintiffs incorporate by reference the facts and allegations in paragraphs 15-43 of this Original Petition as though fully set forth herein.

45. Defendants Dr. Zahid Iftikhar, Muhammad Muneeb Zahid, Najeeb Ur Rehman and Saeed Ur Rehman entered into a contract with Plaintiff Wanda Dolores Fajardo for the transfer of her interest in EPS.

46. Plaintiff Wanda Dolores Fajardo has performed all of her material obligations in accordance with the contract.

47. As part of her obligations under the Settlement Agreement, Plaintiff Wanda Dolores Fajardo resigned her positions as officer and director of EPS and executed a Transfer Deed transferring her ownership/shareholder interest in EPS to Defendant Muhammad Muneeb Zahid.

48. Payment was guaranteed by Defendants Dr. Zahid Iftikhar (individually and on behalf of Munhas Petroleum and Hycarbex-American), Najeeb Ur Rehman and Saeed Ur Rehman.

49. Post-dated checks purporting to satisfy Defendants' obligations were issued by Defendant Munhas Petroleum to Plaintiff Wanda Dolores Fajardo.

50. Defendants stopped payment on the post-dated checks and have refused to tender payment to Wanda Dolores Fajardo in accordance with the terms of the Settlement Agreement.

51. All conditions precedent have been met on the part of Plaintiffs, or have been excused, Plaintiffs are entitled to recover all consequential, incidental and special damages proximately caused by Defendants' breach.

52. Plaintiffs are entitled to recover attorney's fees pursuant to Section 38.001 of the Texas Civil Practices & Remedies Code for the prosecution of this case through trial and on appeal. Plaintiffs are further entitled to interest at the legal rate.

### G. COUNT V – FRAUDULENT INDUCEMENT AND FRAUDULENT MISREPRESENTATION

53. Plaintiffs incorporate by reference the facts and allegations in paragraphs 15-52 of this Original Petition as though fully set forth herein.

54. Plaintiffs SPEC and SPEC-UAE entered into a contract with Defendant EPS for the building of gas processing facilities.

55. Defendants Dr. Zahid Iftikhar, Najeeb Ur Rehman and Saeed Ur Rehman entered into a contract with Plaintiff Wanda Dolores Fajardo for the transfer of her interest in EPS.

56. Defendants have consistently refused to perform their obligations under the Gas Facilities Contract since the completion of gas processing facilities by SPEC and SPEC-UAE.

57. Defendants stopped payment on the checks that were tendered in satisfaction of the Settlement Agreement after Plaintiff Wanda Dolores Fajardo signed the transfer deed assigning her interest in EPS to Defendants.

58. The respective Defendants represented that they would complete performance under the terms of each contract.

59. Upon information and belief, Defendants made the representations with the intent that Plaintiffs act on them.

60. Upon information and belief, at the time the representations were made Defendants did not intend to complete performance under either contract once performance had been completed by the respective Plaintiffs.

61. Plaintiffs justifiably relied on the representations of Defendants to their detriment and entered into the contracts based on the representations of Defendants.

62. Plaintiffs are entitled to recover actual damages proximately caused by the fraudulent misrepresentations of Defendants. Further, Plaintiffs are entitled to exemplary damages and interest at the legal rate.

### H. COUNT VI – CIVIL CONSPIRACY

63. Plaintiffs incorporate by reference the facts and allegations in paragraphs 15-62 of this Original Petition as though fully set forth herein.

64. Upon information and belief, the individual defendants engaged in concerted action to fraudulently induce Plaintiff Wanda Dolores Fajardo to sign a contract.

65. Upon information and belief, Plaintiffs allege that the individual defendants reached a meeting of the minds to induce Plaintiff Wanda Dolores Fajardo to transfer her ownership share in EPS, and in furtherance of this object the individual defendants overtly and unlawfully committed fraud upon and knowingly passed bad checks to Plaintiff Wanda Dolores Fajardo.

66. These wrongful acts by the individual defendants proximately caused injury to Plaintiff Wanda Dolores Fajardo.

67. Plaintiffs are entitled to recover actual damages proximately caused by the actions of Defendants. Further, Plaintiffs are entitled to exemplary damages and interest at the legal rate.

## I. VICARIOUS LIABILITY – PIERCING THE CORPORATE VEIL

68. Plaintiffs incorporate by reference the facts and allegations in paragraphs 15-67 of this Original Petition as though fully set forth herein.

69. Upon information and belief, Defendants Energy Processing Services Limited, Munhas Petroleum (Private) Limited, and Hycarbex-American Energy, Inc., and Hycarbex Asia Pte. Ltd. are owned and/or controlled by Defendants Dr. Zahid Iftikhar, Najeeb Ur Rehman and/or Saeed Ur Rehman.

70. Upon information and belief, the defendant corporations are organized and/or operated as a mere business tool or business conduit of one or more of the individual defendants.

71. Upon information and belief, the defendant corporations are or were inadequately capitalized with the effect of creating an injustice.

72. Upon information and belief, one or more of the individual defendants caused the defendant corporations to be used for the purpose of perpetrating an actual fraud, and that such

actual fraud was perpetrated on the Plaintiffs for the direct personal benefit of one or more of the individual defendants.

## J. PRAYER

73. For these reasons, Plaintiffs ask for judgment against Defendants Energy Processing Services (Private) Limited, Munhas Petroleum (Private) Limited, Hycarbex-American Energy, Inc., Hycarbex Asia Pte. Ltd., Dr. Zahid Iftikhar, Muhammad Muneeb Zahid, Najeeb Ur Rehman and Saeed Ur Rehman for general and special damages (past, present and future), as allowed by law and as will fully and fairly compensate Plaintiffs, and for all other relief the court deems appropriate.

## K. DEMAND FOR JURY TRIAL

74. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

Respectfully submitted,

By: _____
Matías J. Adrogué
State Bar No. 24012192
S.D. TX, Adm. ID 30647
1629 W. Alabama St.
Houston, Texas 77006
*Telephone* 713-425-7270
*Facsimile* 713-425-7271

OF COUNSEL
MATÍAS J. ADROGUÉ, P.L.L.C.